IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARSON R. GREEN, § | | |
| Plaintiff, § | | |
| V. § | | |
| § | | |
| THE BANK OF NEW YORK MELLON § | A-15-CV-00174-LY | |
| FKA THE BANK OF NEW YORK, AS § | | |
| TRUSTEE FOR THE CERTIFICATE § | | |
| HOLDERS OF THE CWABS, INC. ASSET § | | |
| BACKED CERTIFICATES, SERIES 2007- § | | |
| 5, § | | |
| Defendant and Third § | | |
| Party Plaintiff, § | | |
| § | | |
| V. § | | |
| § | | |
| JOHN GUTIERREZ, § | | |
| Third Party § | | |
| Defendant. § | | |

**REPORT AND RECOMMENDATION**

Before the Court is Third Party Defendant, John Gutierrez's Motion to Dismiss for Failure to State a Claim [Dkt. #22] and Third Party Plaintiff, the Bank of New York Mellon ("BNY")'s Response to Gutierrez's Motion to Dismiss for Failure to State a Claim [Dkt. #23].

All dispositive motions in the above-styled cause have been referred to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pending motions, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation.

1

**I.	Background**

This case concerns BNY's attempts to foreclose liens on a property that is the security for a non-recourse home equity loan (the "Property"). BNY is not the original lender, and the plaintiff in this action, Carson R. Green, is not the original borrower. It is undisputed that Green purchased the Property from the original borrower (and third party defendant in this matter), John Gutierrez. *See* BNY's Orig. Ans. [Dkt. #15], Ex. 1, August 21, 2014 Warranty Deed conveying property from Gutierrez to Green.

The pleadings and their integrated attached documentation[1] allege that Gutierrez entered a non-recourse Texas Home Equity Adjustable Rate Note on or about February 21, 2007, secured by a non-recourse Texas Home Equity Security Instrument (First Lien) on or about February 21, 2007. *See* Third Party Compl. [Dkt. #17] Ex. 1 (Note), Ex. 2 (Lien). Both the Note and the Lien expressly state:

> Section 50(a)(6)(C), Article XVI of the Texas Constitution provides that this Note is given without personal liability against each owner of the property described above and against the spouse of each owner unless the owner or spouse obtained this Extension of Credit by actual fraud. This means that, absent such actual fraud, the Note Holder can enforce its rights under this Note solely against the property described above and not personally against any owner of such property or the spouse of an owner.

*Id.* at Ex. 1, p.3 (Note); *see also id.* at Ex. 2, p. 11 (Lien). The Note and Lien were held by several banking institutions, including Countrywide, its successor Bank of America, and finally, BNY, which was assigned the note on or about December 7, 2011. *Id.* at Ex. 3.

---

[1] The timeline of the case recited above is taken from the allegations in Green's Original Complaint [Dkt #14] and BNY's Answer thereto, including the documents attached to BNY's Answer that are referenced in and form a necessary part of Green's Original Complaint; and BNY's Third Party Complaint [Dkt. #17] and the documents attached thereto that form a necessary part of BNY's allegations against third-party defendant, Gutierrez.

BNY alleges Gutierrez first defaulted on his payment obligations under the terms of the Note in July, 2008. *Id.* at 3. According to Plaintiff, Green (who is not a party to the Note or the Lien), the holder of the Note at this time was Bank of America, and Gutierrez obtained permission from Bank of America to sell the Property on a short sale. Orig. Compl. [Dkt. #14] at 4. Green alleges that "[b]etween the period of 2008 and 2014, Mr. Gutierrez's realtor submitted approximately 12 short sale purchase contracts, first to Bank of America, and then later to the current purported note holders, but none would ever supply the documentation necessary to complete the sale." *Id.* at 4-5. Nevertheless, on August 21, 2014, Green purchased the Property from Gutierrez. BNY's Orig. Ans. [Dkt. #15], Ex. 1.

No party alleges that Green assumed any debts of Gutierrez's in this transaction. In fact, the Warranty Deed expressly carves out certain "Reservation from and Exceptions to Conveyance and Warranty," including "all presently recorded restrictions . . . ***other than liens and conveyances***." *Id.* The Warranty Deed, at least on its face, appears to convey the Property without reservation as to pre-existing liens. *Id.* Equally important, no party alleges the sale of the property to Green was without approval from the Note holder; the only factual allegation in the record on this score is that BNY's predecessor in interest *did* give approval for a short sale of the Property. Orig. Comp. [Dkt. #14] at 4-5.

BNY alleges it filed an application for expedited foreclosure on the property in September of 2014 (after the date of the Warranty Deed transferring the Property from Gutierrez to Green). Third Party Compl. [Dkt #17] at 3. On January 29, 2015, Green filed suit in state court, challenging the bank's right to foreclose. *Id.* at 4, n.9. Green soon amended his state court complaint to join Gutierrez as a co-plaintiff. *Id.* at 4, n.10. BNY timely removed the suit to federal court, at which point Gutierrez voluntarily non-suited his claims against the bank as a

3

matter of right pursuant to Federal Rule of Civil Procedure 4(a)(1)(A)(i).  Notice of Dismissal [Dkt. #13] Green continued to press his own suit, challenging the foreclosure as the current owner of the Property.  *See generally* Orig. Compl. [Dkt. #14].

BNY filed a third party claim against Gutierrez in federal court, asserting Gutierrez is liable for breach of contract arising out of his default under the terms of the Note.  Third Party Compl. [Dkt. #17] at 4-5.  Gutierrez now moves to dismiss the third party complaint, asserting that, as the note is non-recourse, he has no personal liability for the default and BNY's only remedy is foreclosure on the property.  Mot. Dism. [Dkt. #22] at 1.

In support of his motion to dismiss, Gutierrez states he does not own the Property.  Mot. Dism. at 1.  It is undisputed that Gutierrez provided Green with a Warranty Deed to the Property on August 21, 2014.  BNY's Orig. Ans. [Dkt. #15] at Ex. 1.  Therefore, Gutierrez contends, BNY is limited to attempting to enforce the note against Green, the current owner of the Property.  As Gutierrez puts it, "Assuming the note is valid, Gutierrez nonetheless has no personal liability," and therefore BNY's breach of contract claim against him is not a claim on which relief can be granted pursuant.

**II.    Applicable Law**

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of

action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., 550 U.S. at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*., 556 U.S. at 678. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*., 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.   Analysis

BNY argues Gutierrez must be joined as a party because he is the only original borrower on the note, and BNY seeks foreclosure of its security interest in the Property as against both Green and Gutierrez. Resp. [Dkt. #23] at 2. The undersigned notes, however, that BNY has yet to plead a counterclaim for foreclosure of the lien against Green. *See generally* BNY's Orig. Ans. [Dkt. #15]. Instead, BNY has plead only a third-party complaint that Gutierrez is

independently liable for breach of contract.  *See generally* BNY's Third Party Compl. [Dkt. #17]. BNY's Third Party Complaint requests that the Court award foreclosure on the Property as against *Green* as a remedy for *Gutierrez's* breach of contract.  *Id.* at 7.

BNY has offered no reasoned pathway to its desired result.  BNY has filed no counterclaims challenging the validity of Green's interest in the property or asserting the superiority of BNY's lien as against Green.  In the absence of even a bare allegation that the transfer between Green and Gutierrez was fraudulent or otherwise improper, much less any non-conclusory factual allegation or attachment to the pleadings establishing that the Lien grants BNY superior title to the Property as against Green, it is doubtful that the court could foreclose Green's interest in the Property as a remedy for Gutierrez's breach.

BNY instead relies on the "essential elements of a breach of contract action," contending

> The Third Party Complaint provides fair notice of the breach of contract claim . . . because the facts establish:  (1) the existence of a valid contract, i.e., the Note and Deed of Trust; (2) plaintiff's [BNY's] performance is evidenced by the extension of credit and transfer of equitable title to Gutierrez; (3) Gutierrez breached the contract when he failed to tender timely monthly mortgage payments beginning in July 2008; and (4) plaintiff's [BNY's] damages are $476,768.25, which is the amount due and owing as of February 3, 2015 under the terms of the Note and Deed of Trust.

Resp. [Dkt. #23] at 3-4.  BNY cites no case law where the purchaser of a property was liable to the holder of a non-recourse note on the property in the absence of a fraudulent conveyance or some other finding that the purchase was not in good faith.[2]  To the contrary, under Texas law, the indebtedness of a borrower cannot be attributed to a person who is not liable on the note. See, e.g., *Bank of Woodson v. Hibbitts*, 626 S.W.2d 133, 134-35 (Tex. App.—Eastland 1981,

---

[2] BNY cites *Smith, Int'l v. Egle Group, LLC*, 490 F. 3d 380, 387 (5th Cir. 2007) as support for its transfer-of-damages model, but Smith involved a jury finding that a successor-in-interest stood in the shoes of the prior owner because the successor "was not a good faith purchaser."  *Id.* at 384.  In contrast, there is no factual allegation in these pleadings that establishes Green should be penalized for Gutierrez's alleged breach.

6

writ ref'd n.r.e.); *Hannigan v. First State Bank of Wylie*, 700 S.W.2d 7, 8-9 (Tex. App.—Dallas 1985, writ ref'd n.r.e.).  Nor has BNY cited any cases establishing that a borrower on a non-recourse note could be personally liable for any money damages arising from his default on the note.  The touchstone under Texas law is that the debts secured by a mortgage are those "reasonably within the contemplation of the parties to the mortgage at the time it was made." *Kimbell Foods, Inc. v. Republic Nat'l Bank*, 557 F.2d 491, 495 (5th Cir. 1977).  The objective language of the contract determines what was "reasonably contemplated."  *Id.*  The objective language of the Note and the Lien in this case state that the Note is a non-recourse note and the only remedy for breach is foreclosure.  Gutierrez does not own the Property, and therefore BNY's attempt to foreclose on the Property states no claim on which relief can be granted as against Gutierrez.

## IV.   Recommendation

For the reasons outlined above, the undersigned RECOMMENDS Gutierrez's Motion to Dismiss For Failure to State a Claim [Dkt. #22] be GRANTED, and Defendant/Third Party Plaintiff BNY's third party claims against Gutierrez be DISMISSED without prejudice.

## V.   Objections

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED October 2, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE