UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARSON R. GREEN, | § | No. 1:15–CV–174–DAE–ML |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| THE BANK OF NEW YORK | § | |
| MELLON F/K/A THE BANK OF | § | |
| NEW YORK, | § | |
| | § | |
| Defendant. | § | |

ORDER: (1) ADOPTING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE;
(2) DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is a Report and Recommendation by United States Magistrate Judge Mark Lane regarding a Motion for Partial Summary Judgment (Dkt. # 34) filed by Plaintiff Carson R. Green.  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After reviewing the motion, response, and reply, for the reasons that follow, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. # 37), and **DENIES** Plaintiff's Motion for Partial Summary Judgment (Dkt. # 34).

BACKGROUND

This case arises out of actions by Defendant Bank of New York Mellon F/K/A The Bank of New York, as Trustee for the Certificate Holders of the

1

CWABS, Inc., Asset Backed Certificates, Series 2007-5 ("Defendant" or "BONY") to foreclose a lien on the home located at 5649 Wagon Train Road, Austin, Texas 78749 (the "Property").

On February 21, 2007, John Gutierrez, who is not a party to this case, executed a Texas Home Equity Adjustable Rate Note ("Note") in the amount of $249,999 (Dkt. # 34, Ex. E), which he secured by a lien on the Property (id., Ex. D). It is undisputed that Gutierrez stopped making payments on his second mortgage in July 2008. (Id. ¶ 2(b).)

On July 31, 2009, Bank of America, the lien holder at the time, sent Gutierrez a letter authorizing him to sell the house at a "short sale" to a certain, approved buyer for $258,500 in satisfaction of Gutierrez's mortgage loan. (Dkt. # 34, Ex. F.) The sale did not close. On December 30, 2010, BAC Home Loans Servicing ("BAC"), the loan servicer at the time, sent a formal notice of acceleration of Gutierrez's mortgage debt. (Id. ¶ 2(e); id. Ex. G.) BONY was assigned the Note on December 7, 2011. (Dkt. # 28, Ex. 4.)

On October 2, 2013, less than three years after BAC sent its notice of acceleration, Specialized Loan Servicing ("SLS"), BONY's loan servicer, sent Gutierrez a Notice of Default and Notice of Intent to Accelerate. (Dkt. # 34, Ex. H at 38–39.) Specifically, the letter informed Gutierrez that he could cure the default on the mortgage by delivering the $198,770.38 in delinquent payments which had

come due since July 1, 2008.  (Id. at 38.)  The letter further informed Gutierrez that SLS would accelerate the loan for failure to tender the delinquent amount by November 4, 2013.  (Id.)

On August 21, 2014, Gutierrez transferred the property to Plaintiff for the payment of ten dollars consideration.  (Dkt. # 34, Ex. C.)  On January 30, 2015, Green filed a petition in the 53rd Judicial District Court of Travis County, seeking quiet title to the Property.  (Dkt. # 1, Ex. 1-1.)  BONY removed the case to this Court on February 27, 2015, on the basis of diversity jurisdiction.  (Dkt. # 1.)  Plaintiff filed an amended complaint, which asserts various theories in support of his claim to quiet title.  (Dkt. # 14.)  Plaintiff's instant motion for partial summary judgment asks the Court to decide whether Defendant's right to foreclose on the mortgage lien is time-barred by limitations set forth in § 16.035 of the Texas Civil Practice & Remedies Code.  (Dkt. # 34.)  Defendant filed a Response to the motion (Dkt. # 35), and Plaintiff filed a Reply (Dkt. # 36).  Neither party filed objections to the Report and Recommendation of the Magistrate Judge.

## LEGAL STANDARD

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation.  Fed. R. Civ. P. 72(b)(2).  The Court conducts a de novo review of any of the Magistrate Judge's

conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). In the instant case, because no party has objected to the Magistrate Judge's Report and Recommendation, the Court reviews the Magistrate Judge's Report and Recommendation for clear error.

## DISCUSSION

Plaintiff asserts that BONY can no longer foreclose on his home because section 16.035 of the Texas Civil Practice and Remedies Code requires any foreclosure sale on a mortgaged property to occur within "4 years after the date the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b). Plaintiff moves for summary judgment on the basis that the four-year limitations period has expired, which prevents BONY from foreclosing on his home. In support, Plaintiff advances two different theories. (Dkt. # 34 ¶¶ 5–10.) First, Plaintiff argues the four-year limitations period was triggered on December 30, 2010, when BAC accelerated Gutierrez's mortgage, requiring BONY to foreclose on the home by December 30, 2014. (Id. ¶¶ 5–6.) Second, Plaintiff argues that the

four-year limitations period was triggered on July 31, 2009, when Bank of America authorized Gutierrez to sell the house at a "short sale," and requiring BONY to foreclose on the home by July 31, 2013.  (Id. ¶¶ 7–9.)

    I.    <u>Whether limitations period expired after 2010 acceleration</u>

The Fifth Circuit recently addressed the issue of acceleration in relation to section 16.035.  See <u>Boren v. U.S. Nat'l Bank Ass'n</u>, 807 F.3d 99 (5th Cir. 2015).  In <u>Boren</u>, the court made an "<u>Erie</u> guess" and found that the Texas Supreme Court "would likely hold that a lender may unilaterally abandon acceleration of a note, thereby restoring the note to its original condition."  <u>Id.</u> at 105 (collecting cases).  Accordingly, "[a] lender waives its earlier acceleration when it 'put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan.'"  <u>Id.</u> at 106 (quoting <u>Leonard v. Ocwen Loan Servicing, LLC</u>, 616 Fed. App'x 677, 680 (5th Cir. 2015) (per curiam)); <u>see also</u> <u>Martin v. Fed. Nat. Mortg. Ass'n</u>, 814 F.3d 315, 318 (5th Cir. 2016) (finding that the four-year limitations period to foreclose on an accelerated mortgage had not expired, because a later "request for payment of less than the full obligation—after initially accelerating the entire obligation—was an unequivocal expression of the bank's intent to abandon or waive its initial acceleration").

The Magistrate Judge found that SLS sent Gutierrez a formal Notice of Default and Notice of Intent to Accelerate ("Notice") on October 2, 2013; this

5

Notice requested payment on less than the full amount of the loan.  (Dkt. # 37 at 8.)  Applying the logic of Boren, the Magistrate found that the Notice of Default and Notice of Intent to Accelerate constituted a unilateral abandonment of the December 30, 2010 acceleration of the note, and restored the note to its original condition.  (Dkt. # 37 at 8.)  The Court finds this determination is consistent with Boren, and is not clearly erroneous.  Accordingly, the limitations period has not expired because the December 30, 2010 acceleration was abandoned, and Plaintiff's request for summary judgment on this issue is **DENIED**.

    II.    <u>Whether limitations period expired after approval of the 2009 short sale</u>

In Texas, a lender who wishes to accelerate a debt "must give the borrower <u>both</u> notice of intent to accelerate <u>and</u> notice of acceleration, and in the proper sequence." Karam v. Brown, 407 S.W.3d 464, 470 (Tex. App. 2013) (emphasis in original).  The Magistrate Judge found that Plaintiff did not submit any evidence that Bank of America notified Gutierrez of its intent to accelerate the loan; accordingly, <u>even if</u> the Court were to find that authorization of a "short sale" is a notice of acceleration, the record does not support a finding that the mortgage was accelerated here.  (Dkt. # 37 at 10.)  Therefore, the Magistrate Judge's determination that no acceleration occurred when Gutierrez received authorization for the "short sale" is not clearly erroneous, and summary judgment is **DENIED** as to this issue.

CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dk. # 37) as the opinion of the Court, and **DENIES** Plaintiff's Motion for Partial Summary Judgment (Dkt. # 34.)

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, June 7, 2016.

_____
David Alan Ezra
Senior United States Distict Judge